COE v. EAST & WEST R. R. OF ALABAMA.

(Circuit Court of Appeals, Fifth Circuit. February 8, 1898.)

No. 587.

FORECLOSURE OF RAILROAD MORTGAGE—ORDER APPROVING CLERK'S ACCOUNTS.
    An order of court approving and confirming the clerk's accounts covering the disbursements of the proceeds of a foreclosure sale of a railroad becomes a final decree on the adjournment of the term, and can only be reviewed by an appeal taken within six months.

Appeal from the Circuit Court of the United States for the Northern District of Alabama.

This is an appeal from an order overruling a motion to set aside a former order approving the accounts of the clerk, including disbursement for his own fees as register.

The property of the East & West Railroad of Alabama was ordered sold in foreclosure proceedings by decree dated November 28, 1892, and by this decree the purchaser was required to take the property subject to the payment of the principal and unpaid interest of the receiver's certificates, and pay $300,000 of the purchase money in cash, to be returned into court for distribution as follows:

"(1) In payment of all the costs of sale, including complainant's costs accruing in this suit, and the allowances due to the complainant's trustee, including the charges and expenses of the counsel for the said trustee. (2) The balance of said sums, if any such remains, together with the other proceeds of sale, shall be applied in payment of the interest on the certificates of the receiver of the said East & West Railroad of Alabama, due up to the date of the sale, and thereafter such remaining sums shall be applied in the order found by the special master's report filed September 6, 1892, or as the court may otherwise order at the foot of this decree."

Pursuant to this decree, the property of the East & West Railroad of Alabama having been adjudicated to Eugene Kelly, a decree was rendered confirming said adjudication, and ordering:

"That the said purchaser, on or before the first day of August, 1893, pay the balance of said purchase money (over and above the $30,000 paid at the time said property was bid off to him), to wit, $270,000 to the register of this court, at Birmingham, Ala., subject to the order of this court. But, in making such payment, the said purchaser, as holder of receiver's certificates mentioned in said report of sale and the master's report filed September 6, 1892, may deduct therefrom the amount coming to him as interest due, up to the date of sale, on the receiver's certificates so held by him, which sum shall be computed and entered by the master commissioner on the said receiver's certificates as a payment on account thereof. The said Eugene Kelly, as such holder of receiver's certificates, will also be entitled to retain out of said $270,000 his proportion of the residue thereof remaining after the payment of the sums mentioned in said decree of sale, as preferred to the lien of said receiver's certificates, which residue is declared to be applicable to the principal of said receiver's certificates by the terms of the decree of sale, and which sum shall be computed and entered by the master commissioner on the said receiver's certificates as a payment on account thereof."

Pursuant to this decree the special master commissioner, on July 7, 1893, reported that he had executed the deed to Eugene Kelly, and that Eugene Kelly had paid $45,000 in cash into the registry of the court, "and upon the receiver's certificates held by him [Eugene Kelly] the interest accumulated thereon up to the 29th of May, 1893, which amounted in the aggregate to the sum of $169,-692.93, has been apportioned and credited as required by the court, and the said receiver's certificates so held by him have been credited with his proportionate share on the balance of the said $300,000 purchase money remaining after deducting the aggregate amounts due the other holders of certificates for interest and their proportionate share of the principal." "I further report that the cash paid into the registry of the court—in all, $45,000—is in my opinion sufficient to pay all the costs heretofore taxed and allowed in the foreclosure suit, and of the several suits arising therefrom, and all claims allowed and ordered paid as costs, and also the interest upon the receiver's certificates held by parties other than Mr. Kelly."

Later Mr. Kelly paid further sums into the registry for the purpose of taking up the small amount of certificates not held by him, the balance paid by him, plus the $48,000 reported as paid by the master, making the total sum actually paid into the registry amount to $70,800.96. September 4, 1894, without notice to Mr. Kelly or his solicitor, the clerk filed his report, which showed the total

amount received by him to have been $70,800.96, and the total disbursements claimed as made $67,798.16, leaving a balance of $3,002.70 still in the fund. Among the items aggregating the $67,798.16 claimed as disbursed is the item of $2,969.07 to N. W. Trimble, register. November 3, 1894, the court entered the following judgment:

"George S. Coe, Substituted Trustee, vs. East & West Railroad Co. of Ala. et al. "No. 14. In Equity.

"This cause coming on to be heard on the report of N. W. Trimble, as clerk and register, filed September 24, 1894, and it appearing to the court that the said report has been on file for more than thirty days, and no objections or exceptions being filed thereto, and it further appearing to the court that the disbursements specified in said report, including the sum of two thousand nine hundred and sixty-nine dollars and seven cents, paid to the register, appear to be just and proper, it is therefore ordered, adjudged, and decreed by the court that the said report be, and the same is, in all things, hereby confirmed."

No further proceedings appear to have been had in the matter at that term of the court, nor at the spring term of 1895, nor at the fall term of 1895; but on June 9, 1896, a petition was presented to the judge of the court, attacking the said allowance to the register on various grounds, and praying that the clerk be ordered to turn into the registry of the court the difference between $708 and the sum of $2,969.07, and for a decree that the clerk and register was only entitled to charge as commissions 1 per cent. upon the amount actually received and kept and paid into the registry of the court. On October 27, 1896, the petition was "dismissed and overruled." On March 20, 1897, the executors of Eugene Kelly recited that they considered themselves aggrieved by the orders entered November 3, 1894, and October 27, 1896, under which an allowance of $2,969.07 was made to the clerk and register, N. W. Trimble, instead of the sum of $708.96 to which he was solely entitled, "do hereby appeal from the said order and decree." Judge Bruce ordered that "the appeal be allowed as prayed for."

The assignment of errors complains of the report filed September 4, 1894, asserting that the clerk was only entitled to $708.96, and that the allowance of any sum in excess was unlawful, and prays for a reversal of the order of court of November 3, 1894, approving the accounts of September 4, 1894, in so far as the item of $2,969.07 is concerned, and for a reversal of the decree of October 26, 1896, dismissing appellant's petition, and for a decree to be entered reducing the register's commissions from $2,969.07 to $708.96, and ordering the register to return the difference, $2,260.11, into the registry of the court.

Walter D. Denegre, for appellant.

F. S. Ferguson, John F. Martin, and Wm. Grant, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PER CURIAM. Some question has been made in regard to the right of the executors of Eugene Kelly to have an appeal at all in the case, on the ground that, as the purchaser of the property, Eugene Kelly had no interest in the disposition of the fund accruing from the sale. Our view of other questions in the case renders it unnecessary to consider this objection. The order of the court affirming the clerk's accounts was a decree after the final decree in the main case, and itself became a final decree on the adjournment of the court for term at which it was entered, and no appeal could be taken therefrom unless the same should be sued out within six months from the time the decree was rendered. The petition filed by the executors of Eugene Kelly, more than three terms after the decree was rendered, asking to have the aforesaid final decree set aside, could not have the effect of opening up

the former decree, or of rendering the same appealable. So far as the present appeal is from the original order approving the clerk's accounts, it must be dismissed, as sued out too late. So far as the present appeal is from the order entered October 27, 1896, dismissing the petition to reopen the question, it involves nothing except the propriety of the judge's action on that date; and, as the original decree was not (from lapse of time) reviewable by petition for rehearing, bill of review, or by appeal, the order of dismissal was correct. We remark that, while the record does not show but what the registry fee in contest is still in the registry of the court, the presumption is that the clerk has complied with the law, and in his accounts to the government of the receipts of his office for the year 1894 he has returned and accounted for and paid over the said registry fee. Appellants can take nothing on this appeal, and the same is dismissed.